IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 122-001 |
| | * | |
| TAVARIS KEXON RAMSEY | * | |

**O R D E R**

Defendant Tavaris Kexon Ramsey was sentenced by this Court on May 26, 2022. At present, Defendant has filed a motion for modification of his federal sentence.

With only three exceptions in 18 U.S.C. § 3582(c), a district court may not modify a sentence once it has been imposed. See United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under the first exception, a court may entertain a motion for release under certain extraordinary and compelling circumstances not present here. 18 U.S.C. § 3582(c)(1)(A). The second exception references Rule 35 of the Federal Rules of Criminal Procedure for instances when correcting sentence is proper. 18 U.S.C. § 3882(c)(1)(B). Rule 35 allows modification upon an order from an appellate court, upon a motion from the Government, or to correct a computational error within seven days of sentencing. Finally, under the third exception a court may reduce a sentence that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o)." 18

U.S.C. § 3582(c)(2).  Defendant has not asserted that he is entitled to relief under any of these three exceptions.  In fact, he has not provided any reason that he would be entitled to a sentence reduction other than generally stating that he should get credit for time served or that his sentence should be concurrent to any state time.  However, length of sentence determinations should be directed in the first instance to the Bureau of Prisons ("BOP") rather than the Court.  Then, any judicial challenge to the BOP's decision must be brought under 28 U.S.C. § 2241 in the district of *confinement* rather than in the sentencing court.  Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991); see also United States v. Nyhuis, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.").

In short, Defendant has failed to establish a basis to invoke this Court's authority to modify his sentence.  Thus, the Clerk is directed to **TERMINATE** the motion to modify sentence (doc. 24).

**ORDER ENTERED** at Augusta, Georgia, this 3rd day of January, 2023.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2